UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PHILIP KREMENTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:20-cv-01358-GCS |
| | ) |
| MOHAMMED SIDDIQUI and | ) |
| STEPHEN RITZ, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM & ORDER**

**SISON, Magistrate Judge:**

Pending before the Court is Defendant's Motion to Quash for Improper Service and Motion to Dismiss. (Doc. 69). Defendant Ritz filed the Motions on September 18, 2023, asserting that Plaintiff failed to properly effectuate service upon him in accordance with Rule 4(e) of the Federal Rules of Civil Procedure. *See* FED. RUL. CIV. PROC. 4(e). Accordingly, Defendant Ritz requests that the Court dismiss Plaintiff's claims against him pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure. *See* FED. RUL. CIV PROC. 12(b)(5), 4(m). Plaintiff filed a Response to Defendant's Motions on October 4, 2023, and he does not contest Defendant's request for service to be quashed. (Doc. 72). However, Plaintiff maintains that he has made "good faith and diligent efforts" to achieve proper service and that the Court should not dismiss Plaintiff's Complaint against Defendant Ritz. *Id.* at p. 2. Plaintiff also filed a Motion to Serve Limited Discovery for the Purpose of Identifying the Address for Service such that proper service can be achieved. (Doc. 71). For the reasons delineated below, the Court **GRANTS** Defendant's

Motion to Quash for Improper Service (Doc. 69), **DENIES** Defendant's Motion to Dismiss, and **GRANTS** Plaintiff's Motion to Serve Limited Discovery for the Purpose of Identifying the Address for Service (Doc. 71).

### BACKGROUND

On December 22, 2020, Plaintiff initiated this action by filing his Complaint under 42 U.S.C. § 1983. (Doc. 1). The Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A on December 10, 2021. (Doc. 14). After preliminary review, the Court allowed Eighth Amendment and Illinois state law medical negligence claims to survive against Defendant Siddiqui for delay and denial of medical treatment. *Id.* at p. 5. The Court then appointed Plaintiff counsel on December 21, 2021. (Doc. 19). Through appointed counsel, Plaintiff filed his Amended Complaint on March 15, 2023, which added Eighth Amendment and Illinois state law medical negligence claims against Defendant Ritz for delay and denial of medical treatment. (Doc. 43, p. 5-7).

On April 25, 2023, Plaintiff requested that a Summons be issued to Defendant Ritz. (Doc. 51). The Summons was issued for Ritz on April 26, 2023, at 501 Holiday Drive, Suite 4, Pittsburgh, PA 15220. (Doc. 52). On May 15, 2023, the local Sheriff's Office returned the Summons unexecuted with a note stating that the "suite number does not exist, name is not on directory." (Doc. 55, p. 2). On June 6, 2023, Plaintiff requested that another Summons be issued to Defendant Ritz. (Doc. 58). The Summons was issued on June 7, 2023, to the same Pittsburgh address by a private process server that had successfully served Defendant Ritz at the address in a prior controversy. (Doc. 59). The process server

reported that building security indicated that Ritz had moved out of the building. *Id.*

Plaintiff's counsel then consulted with the Uptown People's Law Center to discuss how he should proceed given the difficulties of effectuating service of process upon Defendant Ritz. (Doc. 71, p. 1). Plaintiff reports that a miscommunication occurred between the two attorneys, which led Plaintiff's counsel to believe that service could be executed for Defendant Ritz upon Wexford's registered agent. *Id.* On August 15, 2023, Plaintiff then requested that a Summons be issued for Defendant Ritz at Wexford's Illinois Registered Agent. The Summons was then issued on August 17, 2023, to Wexford's Registered Illinois Agent - Prentice Hall Corporation, located at 801 Adlai Stevenson Drive, Springfield, IL 62703. (Doc. 65). The local Sheriff's Office executed the Summons on September 7, 2023. (Doc. 68). The documentation submitted to the Court from the local Sheriff's office indicates that "Corporation service, by leaving a copy of the summons and complaint with an agent or officer of the corporation listed in the summons" was achieved. *Id.* The summons was left with an individual named Baylon Elfgen at Prentice Hall Corporation. *Id.*

## LEGAL STANDARDS

Rule 12(b)(5) of the Federal Rules of Civil Procedure allows a defendant to enforce service of process requirements through a pretrial motion to dismiss. FED. RUL. CIV. PROC. 12(b)(5). The method of service of process is governed by Rule 4 of the Federal Rules of Civil Procedure. *See* FED. RUL. CIV. PROC. 4. *See also Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002) (noting that "[e]ven though the case is governed by state law, the method of service, in contrast, will be governed by Fed. R. Civ. P. 4").

To comply with the service of process requirements in Rule 4(m) of the Federal Rules of Civil Procedure, a plaintiff must serve each defendant within 90 days of filing the complaint, unless plaintiff can show good cause for being unable to do so. *See* FED. R. CIV. PROC. 4(m). If a plaintiff is unable to establish good cause, the Court nevertheless maintains discretion to grant an extension of time for plaintiff to accomplish service. *See Coleman v. Milwaukee Bd. Of School Directors*, 290 F.3d 932, 934 (7th Cir. 2002). Rule 4(e) of the Federal Rules of Civil Procedure specifies that an individual within a judicial district of the United States may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district is located or where service is made;[1]
>
> (2) doing any of the following:
>> (A) delivering a copy of the summons and complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usually place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[1]   Pursuant to Illinois state law, 735 ILL. COMP. STAT. § 5/2-203(a), service upon an individual shall be made:

> (a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode, or (3) as provided in Section 1-2-9.2 of the Illinois Municipal Code with respect to violation of an ordinance governing parking or standing of vehicles in cities with a population over 500,000.

FED. RUL. CIV. PROC. 4(e).

The purpose of the service of process requirements is to provide the parties notice, encourage parties and their counsel to diligently pursue their case, and trigger a district court's ability to exercise jurisdiction over a defendant. *See Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011) (citations omitted). When a defendant contests the sufficiency of service under 12(b)(5), the plaintiff bears the burden to prove that the defendant was properly served. *See Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing *Cardenas*, 646 F.3d at 1005). However, when considering a Rule 12(b)(5) motion, the Court may look outside the pleadings and must ultimately view the facts in the light most favorable to the plaintiff. *See United States v. Park*, 389 F. Supp. 3d 561, 567 (N.D. Ill. 2019).

## DISCUSSION

Plaintiff agrees with Defendant Ritz that service should be quashed, as Plaintiff clearly did not comply with the service of process requirements in Rule 4(m). *See, e.g.*, (Doc. 72, p. 1) (stating that "Plaintiff does not contest Dr. Ritz['s] request for service to be quashed."). However, Plaintiff argues that he has made "good faith and diligent efforts in [e]ffecting service upon Dr. Ritz" and "requests that [Plaintiff's] claims against Dr. Ritz not be dismissed." *Id.* at p. 2. Plaintiff notes that the COVID-19 pandemic has caused a cultural shift in workplace polices, and that due to Defendant Ritz's supervisory role, "it is likely that [Ritz] . . . is working from a non-public location that is not ascertainable by means reasonably accessible to the general public." *Id.* at p. 1-2. The Court believes these statements speak to Plaintiff's burden to demonstrate good cause for insufficient service

of process. The Court finds that Plaintiff has met this burden and accordingly extends Plaintiff's time to complete service.

While there is no bright-line test for good cause, a plaintiff's attempts at service "[a]t the very least . . . [should be] accompanied by some showing of reasonable diligence" before good cause can be found. *Bachenski v. Malnati*, 11 F.3d 1371, 1377 (7th Cir. 1993) (citing *Tso v. Delaney*, 969 F.2d 373, 375 (7th Cir. 1992)). Good cause generally exists if the plaintiff can point to a "valid reason" for the delay in service. *Coleman*, 290 F.3d at 934. Poor time management, a busy schedule, and neglect – even excusable neglect – are not good cause under Rule 4(m). *See Tremper v. Air-Shields Inc.*, Case No. IP00-1080-C-B/S, 2001 WL 1000686, at *2 (S.D. Ind. Aug. 27, 2001). However, valid reasons for delay, such as a defendant's evasion of service are grounds for a court to find good cause. *See Geiger v. Allen*, 850 F.2d 330, 333 (7th Cir. 1988).

The Court finds that Plaintiff has demonstrated "reasonable diligence" and good cause in his attempts to accomplish service upon Defendant Ritz. Plaintiff issued three separate summonses to Ritz – two of which were addressed to his last known address in Pittsburgh, Pennsylvania. When those attempts at service failed, Plaintiff's appointed counsel then sought out advice from the Uptown's People Law Center, a frequently used and appreciated resource for court appointed attorneys, to ascertain whether any other options for completing service existed. A miscommunication occurred, which resulted in Plaintiff's appointed counsel believing that serving Defendant Ritz through Wexford's registered agent in Illinois was appropriate. Service is in this manner, however, is contrary to Rule 4 of the Federal Rules of Civil Procedure. Despite this mistake, Plaintiff's

counsel has clearly diligently attempted to serve Defendant Ritz. Plaintiff's Counsel did not delay in attempting service upon Ritz after he was added as a party. Moreover, Plaintiff's counsel attempted service multiple times before it appeared that service was futile.

Furthermore, Plaintiff has supplied the Court with information indicating that Defendant Ritz has been difficult to serve. (Doc. 72, p. 1-2). Plaintiff notes that "many industries in our society during the post-covid era have recently embraced work from home policies when it is feasible." *Id.* at p. 1. As Ritz holds a supervisory role, Plaintiff notes that "his physical presence at a specific location is not necessary" and it is "likely that . . . Ritz is working from a non-public location that is not ascertainable by means reasonably necessary to the general public." *Id.* at p. 2. The combination of these conditions have made it difficult for Plaintiff to serve Defendant Ritz. Accordingly, the Court finds that Plaintiff has met his burden of demonstrating good cause by providing a valid reason for delay in service and will allow Plaintiff until **February 5, 2024**, to accomplish service on Defendant Ritz.

## Conclusion

The Court **GRANTS** Defendant's Motion to Quash (Doc. 69), **DENIES** Defendant's Motion to Dismiss (Doc. 69), and **GRANTS** Plaintiff's Motion Serve Limited Discovery for the Purpose of Identifying the Address for Service (Doc. 71).

**IT IS SO ORDERED.**

**DATED: December 7, 2023.**

Digitally signed by Judge Sison
Date: 2023.12.07 12:58:41 -06'00'

**GILBERT C. SISON**
**United States Magistrate Judge**